*E-Filed 9/23/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEON LEE MEYERS,<br><br>  Plaintiff,<br><br> v.<br><br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION, et al.,<br><br>  Defendants. | No. C 14-3123 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises Eighth Amendment medical treatment claims against his medical staff at Salinas Valley State Prison. The first amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

The first amended complaint is DISMISSED with leave to amend. Plaintiff shall file a second amended complaint on or before November 2, 2015.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that **(1)** in 2011, Lahey, a nurse at Salinas Valley, was deliberately indifferent to his case of the shingles, which he contracted from his cellmate; **(2)** Drs. Mack, Birdsong, and Kumar, physicians at the prison, were deliberately indifferent to his case of the shingles at various unspecific times; **(3)** Drs. Posson, J. Dunlop, and Fernando Tuvera, who reviewed his medical grievances, failed to approve his transfer to another institution; **(4)** unspecified persons are liable for his contracting various diseases (shingles, Hepatitis B, and a staph infection) while he had to care for his cellmate; and **(5)** K. Moore, a Salinas Valley grievance counselor, cancelled his transfer to another institution. Liberally construed, Claims 1, 3, and 5 are cognizable under section 1983.

Claims 2 and 4 are DISMISSED with leave to amend.  It is not sufficient to state merely that Mack, Birdsong, and Kumar were deliberately indifferent at various unspecified times.  Plaintiff must provide specific details, such as the dates (or approximate dates) on which he saw these doctors, what symptoms he displayed, what treatment was (or should have been) administered, a summary of the discussions he had with these doctors, and what facts show that they were deliberately indifferent.  Plaintiff is reminded that these facts are crucial not only to the survival of his claims against Mack, Birdsong, and Kumar, but also to the survival of his claims against Posson, J. Dunlop, Fernando Tuvera, and Moore, which are based in large part on his allegations against his doctors.

It is also insufficient to assert that the staff at the prison are responsible for the injuries he suffered while being housed with an infectious cellmate.  Plaintiff must provide names of the persons directly responsible, and how they should have known about the conditions he faced.

The following persons and institutions are TERMINATED as defendants in this action because plaintiff has failed to state specific claims against them:  Randy Grounds, Warden of Salinas Valley, J. Lewis, Deputy Director, S. Njeser, Health Care Services, Dr. Stainer, and Jeffrey Beard.  The Court assumes that he named these persons and institutions in the belief that they are liable as supervisors.  This is not sufficient to state claims against them.  There is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009).  If plaintiff wishes to allege liability against the now-dismissed defendants based on supervisory liability, he must allege <u>specific</u> facts

sufficient to meet these stringent standards.

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before November 2, 2015. The amended complaint must include the caption and civil case number used in this order (14-3123 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

### MOTION TO APPOINT COUNSEL

Plaintiff's motion for the appointment of counsel (Docket No. 31) is DENIED without prejudice. The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.

1997).  Plaintiff has not shown that exceptional circumstances exist.  The Clerk shall terminate Docket No. 31.

**IT IS SO ORDERED**.

DATED:  September 23, 2015

_____
RICHARD SEEBORG
United States District Judge